IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| BidPal, Inc., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| InterMediaOne, IntermediaOne-AGB, | ) | Cause No. |
| Peter Peterre, Bidpal.com, BidPal.org, | ) | |
| BidPal.info, BidPal.biz, BidPal.mobi, | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, BidPal, Inc., ("BidPal"), by and through its undersigned counsel, for its

Complaint alleges as follows:

### I.      NATURE OF ACTION

1. Plaintiff BidPal seeks declaratory and injunctive relief under the Anticybersquatting

Consumer Protection Act, 15 U.S.C. § 1125(d) (the "ACPA") and the Lanham Act for

trademark infringement under 15 U.S.C. § 1114(1); for trademark infringement,

unfair competition and false designation of origin under 15 U.S.C. § 1125(a); and for

dilution under 15 U.S.C. § 1125 against Defendants IntermediaOne-AGB,

InterMediaOne, Peter Peterre (a/k/a "Pete"; here, "Peterre"), and against the internet

domain names Bidpal.com, BidPal.org, BidPal.info, BidPal.biz, and BidPal.mobi

(collectively, the "Infringing Domain Names"), ordering, *inter alia*, that the Infringing

Domain Names be transferred to BidPal.

1

## II.    THE PARTIES

2. Plaintiff BidPal, Inc. is a corporation organized under the laws of Delaware.  It has a principal place of business at 8440 Woodfield Crossing Boulevard, Suite 500, Indianapolis, Indiana, 46240.

3. Defendant Peter Peterre ("Peterre") is a natural person believed to be residing in the United States.  He is believed to divide his time between Florida and Washington, D.C.

4. Defendant InterMediaOne is a business entity of unknown structure.  It is believed to be a d/b/a for Peterre.

5. Defendant InterMediaOne-AGB is a business entity of unknown structure.  It is believed to be a d/b/a for Peterre.

6. Defendants InterMediaOne-AGB, InterMediaOne, and Peterre are collectively referred to herein as the "Registrant Defendants."

7. Defendants Bidpal.com, BidPal.org, BidPal.info, BidPal.biz, BidPal.mobi are internet domain names collectively referred to herein as the "Domain Name Defendants" or "Infringing Domain Names."

8. Upon information and belief, GoDaddy.com, LLC ("GoDaddy") is a Delaware limited liability company with a principal place of business at 14455 N. Hayden Road, Suite 226, Scottsdale, Arizona 85260 and is the registrar of the Infringing Domain Names.  GoDaddy has agreed to execute a Registrar's Certificate sufficient to establish this Court's control and authority regarding the Infringing Domain Names as per 15 U.S.C. § 1125(d)(2)(C)(ii).

A. **Current "WHOIS" Data for the Infringing Domain Names**

9. Although apparently not related to changes in ownership, contact information for the

Infringing Domain names seems to change with some frequency.  For the court's

convenience, current and historical registration information, as provided by the

Registrant Defendants, has been separated into "current" and "historical"

subcategories.

10. GoDaddy.com "WHOIS" records for BidPal.com as of February 5, 2014 show

registrant information as follows:

> Registrant Name: Admin Services
> Registrant Organization: InterMediaOne
> Registrant Street: 2020 Pennsylvania Avenue
> Registrant Street: Suite 190
> Registrant City: Washington
> Registrant State/Province: District of Columbia
> Registrant Postal Code: 20006
> Registrant Phone: +1.2028283666
> Registrant Email: pete@intermediaone.com

11. GoDaddy.com "WHOIS" records for BidPal.org as of February 5, 2014 show

registrant information as follows:

> Registrant Name: Pete Peterre
> Registrant Organization: InterMediaOne
> Registrant Street: 2020 Pennsylvania Ave. NW
> Registrant Street: Suite 190
> Registrant City: Washington
> Registrant State/Province: District of Columbia
> Registrant Postal Code: 20006
> Registrant Phone: +1.2028283666
> Registrant Email: pete@intermediaone.com

12. GoDaddy.com "WHOIS" records for BidPal.info as of February 5, 2014 show

registrant information as follows:

> Registrant Name: Pete Peterre
> Registrant Organization: InterMediaOne-AGB
> Registrant Street: 2020 Pennsylvania Ave. NW
> Registrant Street: Suite 190
> Registrant City: Washington
> Registrant State/Province: District of Columbia
> Registrant Postal Code: 20006
> Registrant Phone: +1.2028283666
> Registrant Email: pete@intermediaone.com

13. GoDaddy.com "WHOIS" records for BidPal.biz as of February 5, 2014 show

registrant information as follows:

> Registrant Name: Pete Peterre
> Registrant Organization: InterMediaOne-AGB
> Registrant Street: 2020 Pennsylvania Ave. NW
> Registrant Street: Suite 190
> Registrant City: Washington
> Registrant State/Province: District of Columbia
> Registrant Postal Code: 20006
> Registrant Phone: +1.2028283666
> Registrant Email: pete@intermediaone.com

14. GoDaddy.com "WHOIS" records for BidPal.mobi as of February 5, 2014 show

registrant information as follows:

> Registrant Name: Pete Peterre
> Registrant Organization: InterMediaOne-AGB
> Registrant Street: 2020 Pennsylvania Ave. NW
> Registrant Street: Suite 190
> Registrant City: Washington
> Registrant State/Province: District of Columbia
> Registrant Postal Code: 20006
> Registrant Phone: +1.2028283666
> Registrant Email: pete@intermediaone.com

15. Upon information and belief, IntermediaOne-AGB, InterMediaOne, and/or Peterre own, operate, and/or control the BidPal.com, BidPal.org, BidPal.info, BidPal.biz and BidPal.mobi domain names.

**B.    Historical "WHOIS" Data for the Infringing Domain Names**

16. Defendant BidPal.com is an Internet domain name registered through the registrar GoDaddy. BidPal.com's Whois.com historical records for the Registrant Name, "Tech Name" and "Admin Name" were all listed as "Admin Services". The "Admin Phone" number listed was "+1.2025551212", which is the number for Washington, D.C. directory assistance. The "Whois" data as of November 14, 2013 for BidPal.com was as follows:



17. Defendant BidPal.org is an Internet domain name registered through the registrar GoDaddy.  BidPal.org's historical Whois.com records from November 2012 for Registrant Name, "Tech Name" and "Admin Name" were all listed as "Admin Services".  The "Admin Phone" and "Tech Phone" numbers were both listed as "+1.2025551212".

## Whois Record on Nov 11, 2012

```
Domain ID:D76776290-LROR
Domain Name:BIDPAL.ORG
Created On:02-Sep-2001 13:57:24 UTC
Last Updated On:03-Sep-2012 11:50:16 UTC
Expiration Date:02-Sep-2013 13:57:24 UTC
Sponsoring Registrar:GoDaddy.com, LLC (R91-LROR)
Status:CLIENT DELETE PROHIBITED
Status:CLIENT RENEW PROHIBITED
Status:CLIENT TRANSFER PROHIBITED
Status:CLIENT UPDATE PROHIBITED
Registrant ID:CR32231410
Registrant Name:Admin Services  ←
Registrant Organization:InterMediaOne
Registrant Street1:2020 Pennsylvania Avenue
Registrant Street2:Suite 190
Registrant Street3:
Registrant City:Washington
Registrant State/Province:District of Columbia
Registrant Postal Code:20006
Registrant Country:US
Registrant Phone:+1.2025551212  ←
Registrant Phone Ext.:
Registrant FAX:
Registrant FAX Ext.:
Registrant Email:pete@intermediaone.com
Admin ID:CR32231412
Admin Name:Admin Services  ←
Admin Organization:InterMediaOne
Admin Street1:2020 Pennsylvania Avenue
Admin Street2:Suite 190
Admin Street3:
Admin City:Washington
Admin State/Province:District of Columbia
Admin Postal Code:20006
Admin Country:US
Admin Phone:+1.2025551212  ←
Admin Phone Ext.:
Admin FAX:
Admin FAX Ext.:
Admin Email:pete@intermediaone.com
Tech ID:CR32231411
Tech Name:Admin Services
Tech Organization:InterMediaOne
Tech Street1:2020 Pennsylvania Avenue
Tech Street2:Suite 190
Tech Street3:
Tech City:Washington
Tech State/Province:District of Columbia
Tech Postal Code:20006
Tech Country:US
Tech Phone:+1.2025551212  ←
```

18. Defendant BidPal.mobi is an Internet domain name registered through the registrar GoDaddy. Historical Whois.com records from November 2013 identified the "Admin Phone" number listed as "+1.2025551212":

> Sponsoring Registrar:GoDaddy.com, LLC (146)
> …
> Registrant Name:Pete Peterre
> Registrant Organization:InterMediaOne-AGB
> Registrant Street1:2020 Pennsylvania Avenue NW
> Registrant Street2:Suite 900
> Registrant City:Washington
> Registrant State/Province:District of Columbia
> Registrant Postal Code:20006
> Registrant Country:US
> Registrant Phone:+1.2025551212

### III. JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 (trademarks), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (trademarks).

20. BidPal has commenced this action in this Court because BidPal is a corporation with its principal place of business in this district.

21. BidPal has made considerable efforts to contact Peterre.  BidPal believes Peterre to be a principal of both InterMediaOne and InterMediaOne-ABG.  Among these efforts, BidPal has sent to multiple e-mails and letters via U.S. mail, made multiple phone calls and attempted (unsuccessfully) to fax Peterre with the best contact information it could find.  While none of these attempts conspicuously failed (except for the fax), as would be evidenced by a returned letter or a "bounced" e-mail, no response from Peterre has been received.  As such, BidPal is uncertain if Peterre is still living and a resident of the United States.

22. 15 USC §1125 authorizes owners of registered marks to file an "in rem civil action against a domain name" if "the domain name violates any right of the [registered marks] owner" and the mark owner is either unable to locate or unable to obtain jurisdiction over the person/entity who would otherwise be the defendant.

23. BidPal believes, and has good grounds to believe, and on that basis alleges, that personal jurisdiction over the registrants of the Infringing Domain Names may be impracticable in any district in the United States because the whereabouts and continued existence of the Registrant Defendants have, at least hidden or, at times, outright lied about their correct contact information.  Such behavior is in conflict with the requirements of registering domain names.

24. This Court has in rem jurisdiction over the Domain Name Defendants pursuant to 15 U.S.C. § 1125(d) because: (1) Plaintiff, the owner of the federally registered BidPal trademark, is headquartered in this judicial district; (2) personal jurisdiction over the registrants of the Infringing Domain Names may not be possible in any other district because the whereabouts of the Registrant Defendants cannot be sufficiently ascertained; (3) GoDaddy is located in this district by virtue of its extensive business contacts with and targeting of residents in this district, including its sponsorship activities surrounding the Indianapolis, 500; and (4) documents sufficient to establish this Court's control and authority regarding the Infringing Domain Names will be deposited with the Court per 15 U.S.C. § 1125(d)(2)(C)(ii).

25. Venue is proper in this judicial district pursuant to 15 U.S.C. § 1125(d)(2)(A) because Plaintiff, the owner of the BidPal trademark, is headquartered in this judicial district;

GoDaddy is located in this district by virtue of its extensive business contacts with and targeting of residents in this district, including its sponsorship activities surrounding the Indianapolis 500; and documents sufficient to establish this Court's control and authority regarding the Infringing Domain Names will be deposited with the Court per 15 U.S.C. § 1125(d)(2)(C)(ii).

## IV. FACTUAL BACKGROUND
### A. BidPal And Its Well-Known And Valuable Trademarks

26. BidPal has been revolutionizing charitable fundraising since its inception by automating the bidding process. As a result of this automation, charities raise more money than they otherwise would.

27. BidPal was developed by charitable event attendees who became frustrated with traditional pen-and-paper silent auctions. After attending one such event, several couples noticed that no one in their group had won any silent auction items. They had placed initial bids but then were distracted by socializing and dining and never returned to the auction area. They also had not participated in the raffle or the donation appeal. Regrouping later that evening, the discussion continually returned to the idea: "There has to be a better way to keep people engaged in giving." A few weeks later, the same friends got together and one suggested, "What if we develop a wireless, handheld device on which people bid? When they're outbid, it notifies them, and they can bid again from wherever they are." The idea for BidPal was born.

28. By eliminating inefficiencies that are otherwise inherent in a charity-auction event, BidPal provides a rare "win-win-win" combination. BidPal enables attendees of a

charitable event to participate fully and conveniently in the auction and other types of

fundraising endeavors, while still enjoying all of the opportunities to socialize

available at the charitable event.  By increasing revenues to the charities they serve,

BidPal promotes charitable growth, even in the currently faltering economy.  Finally,

by providing this value to the marketplace, BidPal has experienced, and is

experiencing, growth as a company, enabling it to provide jobs to an increasing

number of BidPal employees.

29. BidPal has helped nonprofits across the country feed the hungry, fight cancer,

promote the arts, educate young people, and many other charitable endeavors.  BidPal

improves charitable fundraising events from start to finish with event management

solutions, automated auctions, payment processing, online fundraising, consulting

services and more.

30. BidPal has executed over 1,000 events and has a 99% customer satisfaction rating.

The company has approximately 120 employees.

31. BidPal uses its well-known, highly valuable and distinctive BidPal trademark (the

"BidPal Mark" or "Mark") as part of these charitable endeavors and has been using its

Mark in commerce in the United States continuously since at least 2007.

32. BidPal owns a United States federal trademark for the BidPal Mark, U.S. Reg. No.

3,419,104.  A copy of the U.S. Patent and Trademark Office ("USPTO") database

entry for the BidPal Mark is attached as Exhibit 1.

33. The BidPal Mark is an inherently distinctive Mark and/or has acquired secondary

meaning. "BidPal" is not a descriptive or generic Mark, but is arbitrary and/or fanciful

as applied to the business of automated charitable giving.  Because of wide-spread use, the BidPal Mark has become an important source indicator for BidPal's goods and services.

34. Because of Registrant Defendants' cybersquatting behavior with respect to the Infringing Domain Names, BidPal has been forced to use another domain name.  The name BidPal chose as the best alternative available was the far-inferior domain name "www.bidpalnetwork.com".

35. BidPal has not given any Defendant any license, permission, or authorization by which any of the Registrant Defendants could make any authorized use of any of the Mark owned by BidPal.

### V. TRADEMARK INFRINGEMENT, DILUTION AND TARNISHMENT

36.  Years after BidPal established its famous brand, the confusing Infringing Domain Names were registered and/or renewed by Registrant Defendants.  Registrant Defendants hold forth the Infringing Domain Names, along with the associated websites, in commerce with a bad-faith intent to profit from BidPal's substantial reputation and goodwill in the famous BidPal Mark by offering to sell the Infringing Domain Names.

37. This offer to sell the Infringing Domain Names in this manner is likely to cause confusion, to cause mistake and/or to deceive customers and potential customers of the parties as to an affiliation, connection, sponsorship or association between, on the one hand, BidPal and its BidPalNetwork.com website; and, on the other hand, the Registrant Defendants and/or the Infringing Domain Names.

38. The use of the Infringing Domain Names in this manner is likely to dilute the distinctiveness of the BidPal Mark.

39. By registering and/or renewing the Infringing Domain Names – Bidpal.com, BidPal.org, BidPal.info, BidPal.biz, BidPal.mobi – Registrant Defendants appear to be attempting to coopt most if not all of the ability of BidPal to present itself on the Internet as Internet consumers expect. This, in turn, damages BidPal's goodwill. These domain names, with the exception of their top-level domain components (*e.g.,* "com" and "org"; also known as "extensions"), are **<u>identical</u>** to the federally protected "BidPal" Mark.

40. Moreover, there is no good-faith use, purpose or other basis on which the Registrant Defendants can rest the ownership of these websites.

41. Registrant Defendants intentionally use the Infringing Domain Names in commerce to create a likelihood of confusion to divert customers and potential customers from the true BidPal website to the websites established on the Infringing Domain Names – Bidpal.com, BidPal.org, BidPal.info, BidPal.biz, BidPal.mobi – locations at which customers and potential customers would expect to find BidPal's Internet presence. Use of the Infringing Domain Names for this purpose is not a bona fide noncommercial use or a fair use of the BidPal Mark.

42. Through use and/or attempted sale of the confusingly similar Infringing Domain Names, Registrant Defendants have demonstrated a bad-faith intent to profit from the reputation and goodwill long established by BidPal in the BidPal Mark.

43. The Registrant Defendants have registered, trafficked in, renewed and/or used domain names that are identical or confusingly similar to and likely to dilute the famous BidPal Mark by blurring and tarnishment.

## VI. The Infringing Domain Names Were Registered and/or Renewed In Bad Faith And With The Intent To Profit From And Harm BidPal

44. Upon information and belief, after BidPal began its prominent use of the BidPal Mark, one or more of the Registrant Defendants, either in their own names or anonymously, renewed or purchased, either from previous owner(s) of a Domain Name or as the first registrant of a Domain Name, the Infringing Domain Names. All of the Infringing Domain Names at issue in this suit include *only the BidPal Mark*, as adopted, used and registered as a federal trademark by BidPal, Inc., along with varying top-level domains.  These top-level domains include .com, .org, .info, .biz, and .mobi.

### A.   The Websites Made Available At The Infringing Domain Names Feature Placeholder Content Unrelated To A Bona Fide Business

45. The BidPal.com website redirects to a "parked" page (a free services offered by GoDaddy to websites which are not actively offering bona fide products, services and/or information).  On that page, a visitor is invited to "Learn how you can get this domain [name]."  Upon clicking on that link, the visitor is directed to an offer to engage a domain-buying service to acquire the name.  An example of such an offer to sell an Infringing Domain Name, presumably made by either Peterre and/or InterMediaOne and/or InterMediaOne-AGB, is shown on the website at BidPal.com's parked-for-sale page:

14



46. The BidPal.org website redirects to a "parked" page (a free services offered by GoDaddy to websites which are not actively offering bona fide products, services, information, etc.).  On that page, a visitor is invited to "Learn how you can get this domain [name]."  Upon clicking on that link, the visitor is directed to an offer to engage a domain-buying service to acquire the name.

47. The BidPal.info website redirects to a "parked" page (a free services offered by GoDaddy to websites which are not actively offering bona fide products, services, information, etc.).  On that page, a visitor is invited to "Learn how you can get this domain [name]."  Upon clicking on that link, the visitor is directed to an offer to engage a domain-buying service to acquire the name.

48. The BidPal.biz website redirects to a "parked" page (a free services offered by GoDaddy to websites which are not actively offering bona fide products, services, information, etc.).  On that page, a visitor is invited to "Learn how you can get this domain [name]."  Upon clicking on that link, the visitor is directed to an offer to engage a domain-buying service to acquire the name.

49. The BidPal.mobi website redirects to a "parked" page (a free services offered by GoDaddy to websites which are not actively offering bona fide products, services,

information, etc.).  On this site, no offer is made to sell the website.  Instead, "click-through" advertisements invite the visitor to enter into a business relationship unrelated to BidPal, Inc.'s business.

**B.   Registrant Defendants Are Acting In Bad Faith**

50. Under 15 U.S.C. § 1125(d)(1)(B)(i), factors in determining whether "bad faith" exists include: "(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct"; and "(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct."

    1.   Registrant Defendants Never Used the Infringing Domain Names

51. Upon information and belief, Registrant Defendants never used any of the Infringing Domain Names in any bona fide offering of any goods or services.

    2.   Registrant Defendants Evince Bad Faith By Providing Obviously False Contact Information

52. Registrant Defendants have registered and/or renewed and are holding and/or attempting to sell the Infringing Domain Names in bad faith, as additionally evidenced by their failure to provide correct contact information.  The "admin phone" for the bidpal.com registration available on November 14, 2013 shows the number for Washington, D.C. directory assistance.  This is obviously incorrect and indicates an

attempt to remain anonymous.  BidPal.com's Whois.com historical records for the Registrant Name, "Tech Name" and "Admin Name" were all listed as "Admin Services".  In addition, Plaintiff suspects but cannot yet prove that the address provided is false.

53. Historical Whois.com records from November 2012 show that Defendant BidPal.org showed "Admin Services" as its Registrant Name, "Tech Name" and "Admin Name." The "Admin Phone" number listed was "+1.2025551212", which is actually the number for Washington, D.C. directory assistance.

54. Upon information and belief, historical Whois.com records from approximately November 2013 show that Defendant BidPal.mobi showed its "Admin Phone" as "+1.2025551212".

## VII.    BIDPAL IS SUFFERING IRREPARABLE HARM

55.  BidPal is suffering irreparable harm due to the wrongful conduct described herein.

## FIRST CLAIM FOR RELIEF
## CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)
(Against the Infringing Domain Name Defendants)

56. BidPal repeats and realleges all of the allegations set forth in the previous as if fully set forth herein.

57. BidPal had valid trademark rights in the BidPal Mark and owned that Mark at the time the Infringing Domain Names were registered and/or renewed.

58. Each Infringing Domain Name is confusingly similar to the BidPal Mark.

59. The BidPal Mark was distinctive at the time of Registrant Defendants' registration of the Infringing Domain Names.

60. The Infringing Domain Names were registered and/or renewed with a bad faith intent to profit from the BidPal Mark, of which, upon information and belief, the Registrant Defendants were aware when the Infringing Domain Names were registered and/or renewed.

61. Upon information and belief, the Infringing Domain Names are not being used in connection with any bona fide noncommercial or fair use of the BidPal Mark.

62. BidPal has suffered damages and is suffering irreparable harm as a result of the registration and use of the Infringing Domain Names.

63. As a result of the Domain Name Defendants' acts alleged herein, BidPal's remedy at law is not adequate to compensate it for the injuries inflicted and is accordingly entitled to injunctive relief.

64. BidPal is entitled to the transfer to BidPal of the Infringing Domain Names per 15 U.S.C. § 1125(d)(2)(D)(i).

## SECOND CLAIM FOR RELIEF
### CYBERSQUATTING UNDER 15 U.S.C. § 1125(d)
(Against the Registrant Defendants)

65. BidPal repeats and realleges all of the allegations set forth in the previous paragraphs as if fully set forth herein, and asserts this claim as an alternative to the in rem claim set forth in the First Claim For Relief.

66. BidPal has valid trademark rights in the BidPal Mark and owned that Mark at the time the Infringing Domain Names were registered and/or renewed.

67. The Registrant Defendants were aware of the BidPal Mark at the time the Infringing Domain Names were registered and/or renewed.

68. The Registrant Defendants have no trademark or other intellectual property rights in the BidPal Mark.  BidPal has not given the Registrant Defendants any license, permission or authorization by which they could make any use of the BidPal Mark.

69. Each Infringing Domain Name is confusingly similar to the BidPal Mark.

70. The BidPal Mark was distinctive at the time of Registrant Defendants' registration and/or renewal of the Infringing Domain Names.

71. The Registrant Defendants registered and/or renewed the Infringing Domain Names with a bad faith intent to profit from the BidPal Mark.

72. Upon information and belief, the Registrant Defendants are not using the Infringing Domain Names in connection with any bona fide noncommercial or fair use of the BidPal Mark.

73. BidPal has suffered damages and is suffering irreparable injury as a result of the actions of the Registrant Defendants.

74. As a result of the Registrant Defendants' acts alleged herein, BidPal's remedy at law is not adequate to compensate it for the injuries inflicted and is accordingly entitled to injunctive relief.

**THIRD CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114**
(Against the Registrant Defendants)

75. BidPal repeats and realleges all of the allegations set forth in the previous paragraphs as if fully set forth herein, and asserts this claim as an alternative to the in rem claim set forth in the First Claim For Relief.

76. BidPal owns a federal trademark registration covering the BidPal Mark.

77. The Registrant Defendants' bad-faith registration and/or renewal, use and/or operation of the Infringing Domain Names is likely to cause confusion, mistake or deception as to the source of the Registrant Defendants' services and/or offers for sale of the Infringing Domain Names, and thereby constitutes trademark infringement in violation of the Lanham Act.

78. The Registrant Defendants' conduct has caused, and unless enjoined, will continue to cause damaged and irreparable injury for which there is no adequate remedy at law.

79. The Registrant Defendants' conduct complained of herein was willful.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, BidPal respectfully requests judgment in rem against the Domain Name Defendants as follows:

Ordering that the domain names Bidpal.com, BidPal.org, BidPal.info, BidPal.biz, and BidPal.mobi be transferred to BidPal.

WHEREFORE, BidPal respectfully requests judgment against the Registrant Defendants as follows, provided the Registrant Defendants are located and submit to, or are found to be subject to, personal jurisdiction of this Court:

A. Ordering that the registrations of the Infringing Domain Names be transferred to BidPal;

B. Ordering that the Registrant Defendants be enjoined from using the BidPal

Mark;

C. Ordering that BidPal be awarded such damages and other relief as the law

allows for exceptional cases.

Respectfully submitted,

By: s/ Paul B. Overhauser_____
Paul B. Overhauser
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN  46140-4019
Phone: 317-891-1500
Fax: 866-283-8549
Attorney for Plaintiff, BidPal, Inc.

### EXHIBIT

| 1 | **BidPal Trademark Registration Data** |
|---|---|